**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6860**

LAFAWN DEWAYNE BOBBITT,

               Petitioner - Appellant,

     v.

F. ENTZEL, Warden,

               Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:19-cv-00030-JPB)

Submitted:  September 9, 2021             Decided:  September 13, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

LaFawn Dewayne Bobbitt, Appellant Pro Se.  Morgan Schafer McKee, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LaFawn D. Bobbitt, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on Bobbitt's 28 U.S.C. § 2241 petition in which Bobbitt sought to challenge one of his convictions and his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. *Bobbitt v. Entzel*, 5:19-cv-00030-JPB (N.D.W. Va. May 7, 2020). We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*